**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

BARBARA ANN LAND, Individually,
and as Personal Representative of the
Estate of Blane S. Land, Deceased,
and H.C. LAND, Individually,

      Plaintiffs,

v.                                                 Case No. 3:21-cv-389-BJD-JRK

TIMOTHY JAMES and SHERIFF
MIKE WILLIAMS, in his official
capacity as Sheriff of the Jacksonville
Sheriff's Office and the Consolidated
City of Jacksonville, Florida,

      Defendants.

**O R D E R**

This cause is before the Court on Defendant James' Motion to Stay Discovery (Doc. No. 22; "Motion"), filed July 1, 2021. In the Motion, Defendant James requests that discovery be stayed pending resolution of his dispositive motion that asserts he is entitled to qualified immunity. See Motion at 2; see also Timothy James' Motion to Dismiss with Prejudice with Incorporated Memorandum of Law (Doc. No. 14), filed May 27, 2021.[1] The Court took the

---

[1] Defendant City of Jacksonville, which encompasses Defendant Sheriff Mike Williams, also has a pending motion to dismiss. See Defendant City's Motion to Dismiss Second Amended Complaint with Prejudice (Doc. No. 13), filed May 27, 2021; see also id. at 1 n.1.

Motion under advisement and directed Plaintiff and Defendant Sheriff Mike Williams/City of Jacksonville to file notices stating their positions as to the relief requested. See Order (Doc. No. 26), entered July 27, 2021. Defendant Sheriff Mike Williams/City of Jacksonville does not oppose the stay of discovery. See Defendant, Sheriff Williams' Notice of Lack of Opposition to James' Motion to Stay Discovery (Doc. No. 28), filed July 27, 2021. Plaintiff also does not oppose a stay of discovery. See Plaintiff's Notice of Withdrawn Objection to Defendant James' Motion to Stay Discovery (Doc. No. 29), filed July 29, 2021.

Courts in this district have held that "[m]otions to stay discovery may be granted pursuant to Rule 26(c), Fed. R. Civ. P., and the moving party bears the burden of showing good cause and reasonableness." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (citing Howard v. Galesi, 107 F.R.D. 348 (S.D.N.Y. 1985)); see also Sprint Sols., Inc. v. Cell Xchange, Inc., 49 F. Supp. 3d 1074, 1077 (M.D. Fla. 2014) (citations omitted). Motions to stay discovery are not favored, however, because delays in discovery can create case management problems, and "[a]s a result, a request to stay all discovery pending resolution of a motion is rarely appropriate where resolution of the motion will not dispose of the entire case." Feldman, 176 F.R.D. at 652; see also Hovermale v. Sch. Bd. Hillsborough Cnty., 128 F.R.D. 287, 289 (M.D. Fla. 1989).

"In deciding whether to stay discovery pending resolution of a pending [dispositive] motion, the Court inevitably must balance the harm produced by

a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." Feldman, 176 F.R.D. at 652; see also Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367-68 (11th Cir. 1997) (discussing the duties of the district court "when faced with a motion to dismiss a claim for relief that significantly enlarges the scope of discovery"). To do so, the Court need not, in effect, decide the pending dispositive motion to gauge whether the motion to stay should be granted; however, "it is necessary for the Court to 'take a preliminary peek' at the merits of the [dispositive] motion [] to see if it appears to be clearly meritorious and truly case dispositive." Feldman, 176 F.R.D. at 652-53.

In addition, courts have recognized that issues related to immunity should be resolved as early as practicable. See, e.g., Mitchell v. Forsyth, 472 U.S. 411, 526 (1985) (citation omitted) (stating that "unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading . . . immunity is entitled to dismissal before the commencement of discovery").

Having reviewed the instant Motion, the Notices, the dispositive motions, the file as a whole, and the applicable law, the undersigned finds that a stay of discovery is warranted at this juncture.[2]

---

[2] The undersigned expresses no opinion on whether the dispositive motions will ultimately be meritorious, as those motions are pending before the Honorable Brian J. Davis, United States District Judge.

After due consideration, it is

**ORDERED**:

1. Defendant James' Motion to Stay Discovery (Doc. No. 22) is **GRANTED**.

2. Discovery is **STAYED** pending further Order.

**DONE AND ORDERED** in Jacksonville, Florida on July 30, 2021.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

keb
Copies:
Counsel of Record